UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EFRAIN REYES-SANCHEZ, | ) No. 5:26-cv-04179-JDE |
| Petitioner, | ) ORDER REGARDING PETITION |
| v. | ) |
| MARKWAYNE MULLIN, et al., | ) |
| Respondents. | ) |

**I.**

**PROCEEDINGS**

On July 26, 2026, Efrain Reyes-Sanchez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus challenging his detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner contends that his re-detention without constitutionally adequate process violates the Fifth Amendment; he has been deprived of meaningful custody review in violation of the Administrative Procedure Act and Immigration and Nationality Act ("INA"); and the conditions of confinement and lack of meaningful contact with family and counsel warrant immediate release. Petitioner seeks his immediate release; a declaration that his detention is unlawful; an order

enjoining Respondents from re-detaining him absent written notice, a showing of materially changed circumstances, an individualized finding of danger or flight risk, and constitutionally adequate process; and an order enjoining Respondents from re-detaining him without establishing by clear and convincing evidence that detention rather than less restrictive alternatives are necessary. In the alternative, Petitioner requests an individualized custody proceeding before a neutral immigration judge where Respondents bear the burden of proving danger or flight risk by clear and convincing evidence with the immigration judge considering less restrictive alternatives to detention. Id. at 27-28.

On August 3, 2026, Respondents filed an Answer, acknowledging that Petitioner appeared to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista") and subject to the Bautista judgment. Dkt. 7. Although provided an opportunity to do so (Dkt. 5 at 2 ¶ 4), Petitioner did not file a timely optional reply.

For the reasons discussed below, the Petition is granted, in part.

## II.

## BACKGROUND

The parties provide few details regarding Petitioner's immigration proceedings and Petitioner has submitted virtually no evidence in support of his Petition, except for a verification from his attorney.

Petitioner is a native and citizen of Mexico, who entered the United States in 2002. Immigration authorities apparently commenced immigration proceedings, which were administratively closed on December 5, 2013. Pet. at 10. Although Petitioner was apparently detained and released at some point, with conditions, he provides no details regarding his prior detention, the termination of his immigration proceedings, or the terms of his supervision.

2

In 2021, Petitioner was arrested and convicted of driving under the influence. On July 13, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE"). The circumstances surrounding this arrest are unclear. Petitioner initially claims he was arrested "as he made his way home from work" (Pet. at 10), but elsewhere claims he was detained "during a routine ICE reporting appointment." Id. at 19. He does not further describe the circumstances of this arrest, although he claims it was done without advance notice, a showing of materially changed circumstances, an individualized finding of danger or flight risk, and constitutionally adequate pre-deprivation process. Id. at 5, 11. Neither party provided a copy of Form I-213. Petitioner was issued a Notice to Appear charging him as inadmissible pursuant to INA § 212(a)(6)(A)(i). Id. at 10-11.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

First, as noted, Petitioner contends he is being denied meaningful custody review and argues his detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). See Pet. at 3, 23. Respondents acknowledge Petitioner appears to be a Bautista class member and do not appear to oppose an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents acknowledge the Ninth Circuit's recent decision in Rodriguez Vazquez v.

3

Bostock, -- F.4th --, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026), finding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)," rejecting the government's position that unadmitted noncitizens present in the interior of the country are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). Given Respondents' position and the Ninth Circuit's recent decision in Rodriguez-Vazquez, it appears Petitioner is entitled to an individualized bond hearing in accordance with 8 U.S.C. § 1226(a).

However, Petitioner has not shown he is entitled to more expansive relief. Petitioner claims his due process rights were violated when he was detained a few weeks ago without constitutionally adequate procedures. See Pet. at 3, 14. As noted, he provides only cursory, conflicting information about his arrest and no substantive evidence. "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted)). Petitioner has not met that burden. On the limited record, even assuming, without deciding, a liberty interest exists, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has not shown that a prompt post-detention bond hearing, where he is afforded the opportunity to challenge his detention, is inadequate to safeguard that liberty interest or that release is the appropriate remedy.

As to Petitioner's remaining contention that he is entitled to immediate release because he is detained in overcrowded conditions with limited communication with his family and attorney (Pet. at 25-26), Petitioner has not shown such relief is available on such conclusory assertions or properly pursued by means of a petition for writ of habeas corpus.

Accordingly, the Court finds Petitioner is entitled to an individualized bond hearing in accordance with 8 U.S.C. § 1226(a). Although Petitioner requests that the government bear the burden of proving he is a flight risk or danger by clear and convincing evidence, the Ninth Circuit held in Rodriguez Vazquez that "[a] § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." 2026 WL 2196424, at *5. As such, Petitioner's bond hearing shall be conducted in accordance with the Ninth Circuit's decision in Rodriguez Vazquez.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered:

(1)    granting the Petition, in part, ordering Respondents to (a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Efrain Reyes-Sanchez (A# 205 320 124)** within seven (7) days of this Order, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision; or (b) release Petitioner from custody subject only to narrowly tailored conditions of release no more restrictive than necessary to ensure his appearance as required and to protect the community, if any, if he is not timely provided with the aforementioned bond hearing; and

(2)    denying the Petition as to all other requests for substantive relief based on the allegations therein with prejudice.

Dated: August 7, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

5